UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIFEWAVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0274-B |
| | § | |
| PROGRESSIVE LABORATORIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Progressive Laboratories, Inc.'s Motion for Leave to File Counterclaim and Amended Answer (doc. 15). For the reasons stated below, Defendant's Motion is **GRANTED**.

### I.

### BACKGROUND

On January 23, 2014, Plaintiff LifeWave, Inc. ("LifeWave") filed its Complaint (doc. 1) against Defendant Progressive Laboratories, Inc. ("Progressive") for: (1) breach of express and implied warranties (two counts); (2) breach of contract; (3) breach of express agreement; and (4) negligent misrepresentation. Compl. 9–15. On February 13, 2014, Progressive filed its Answer (doc. 6). Shortly thereafter, the Court issued its Status Report Order (doc. 10), requiring the parties to submit a joint status report no later than March 7, 2014. On March 5, 2014, the parties complied with the Court's order and filed their Joint Status Report (doc. 11). Accordingly, the Court issued its Scheduling Order (doc. 12), which set the deadline for amended pleadings as May 9, 2014.

On May 8, 2014, within the Court's deadline, Progressive filed its present Motion for Leave to File Counterclaim and Amended Answer (doc. 15). The Motion's certificate of conference indicates that Progressive did not know whether LifeWave objected to its requests *Id.* at 3. Accordingly, the Court presumed the Motion was opposed and waited twenty-one days for LifeWave to file a response. L.R. 7.1(b)(3). More than twenty-one days have passed, and LifeWave has failed to file any objection. The Court now considers Progressive's Motion below.

## II.

## LEGAL STANDARD

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002)(citing *Wimm*, 3 F.3d at 139). "When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Id.* (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, No. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).

## III.

## ANALYSIS

In its Motion, Progressive requests leave to file its counterclaim "in order to seek damages

against Plaintiff for unpaid invoices and amounts owed to Defendant regarding the products at issue in Plaintiff's Original Complaint." Def.'s Mot. 1. In addition, Progressive requests leave to file an amended answer "to add one affirmative defense that the actions of third parties constituted the supervening/intervening cause of Plaintiff's alleged damages, if any." *Id.* As stated above, LifeWave has offered no opposition to these requests.

After reviewing Progressive's Motion and the relevant law, the Court is of the opinion that leave to amend should be granted. There is no indication that Progressive has engaged in undue delay. Indeed, the Court has already noted that this Motion was filed within the Scheduling Order's deadline to amend. There is also nothing to suggest bad faith or a dilatory motive on Progressive's part. Finally, the Court is unaware of any reason why allowing Progressive to amend its answer and file a counterclaim would result in undue prejudice or would somehow be futile. To the extent the Court is mistaken or LifeWave disagrees, LifeWave has failed to provide an explanation why. In sum, the Court can find no reason why leave should be denied. It therefore concludes that Defendant's Motion should be granted.

## IV.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED.** Defendant is instructed to file its Counterclaim and Amended Answer with the Court.

**SO ORDERED.**

**SIGNED: June 6, 2014**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE