**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LIFEWAVE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CASE NO. 3:14-CV-00274-B |
| | § | |
| **PROGRESSIVE** | § | |
| **LABORATORIES, INC.,** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT'S ORIGINAL COUNTERCLAIM**

**TO THE HONORABLE COURT:**

COMES NOW Defendant, Progressive Laboratories, Inc., and files this Original Counterclaim against Plaintiff, LifeWave, Inc., and would show the Court as follows:

**I.
PARTIES**

1. Plaintiff and Counter-Defendant, LifeWave, Inc. ("LifeWave"), is a Georgia corporation with a principal place of business in San Diego, California. LifeWave has appeared in this action and may be served via its counsel of record.

2. Defendant and Counter-Plaintiff, Progressive Laboratories, Inc. ("Progressive" or "Progressive Labs") is a Texas corporation with a principal place of business in Irving, Dallas County, Texas. Progressive has appeared in this action via its counsel of record.

**II.**
**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction of Progressive's counterclaims against LifeWave, as these claims for relief arise out of a common nucleus of operative facts and form part of the same case or controversy.

4. Venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) lies in the Northern District of Texas in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas and LifeWave directed acts to Progressive in the Northern District of Texas.

**III.**
**FACTS**

5. Progressive Labs is in the business of manufacturing and selling nutritional products and supplements since 1972.

6. Progressive performed services and produced goods for LifeWave, including product development, product testing, providing product samples, and manufacture of nutritional supplement products for LifeWave, including the "Theta Products."

7. Progressive subsequently sent invoices to LifeWave in the total amount of $125,036.26 for manufacture of the Theta Products, which LifeWave has failed and refused to pay to Progressive.[1]  After Progressive demanded payment on the overdue invoices, LifeWave complained about the products and refused to pay.

8. LifeWave claims that the Theta Products were defectively manufactured, among other meritless claims. Progressive represented and warned LifeWave numerous

---

[1] Progressive has received payment of $110,962.14 toward these invoices via its accounts receivable/credit insurance policy carrier, who also seeks to collect from LifeWave.

times that use of certain ingredients could or would cause potential issues, such as clumping or discoloration of product. Despite these warnings verbally and in writing to consider use of an alternate ingredient, LifeWave insisted on use of the ingredients, specifically DMG (Dimethylglycine).

9. Progressive warned LifeWave that DMG is highly reactive, especially to moisture. DMG is a known hygroscopic ingredient, meaning that it absorbs water out of the air and becomes sticky.

10. For example, Gary White of Progressive sent an email dated February 18, 2013 to Dr. Haltiwanger and David Schmidt of LifeWave. Among other things, the email stated that "DMG, dimethylglycine, is a strong methylator and highly reactive, especially to moisture. I am apprehensive of how it will react with the other items in the formula." Despite the warnings, LifeWave insisted on use of the DMG and approved in writing the final formulas.

11. LifeWave, relying on its own experts and decision-makers, insisted on use of the DMG and pushed production forward with the DMG ingredient. The product did clump, just as Progressive warned that it would. LifeWave now is attempting to shift blame to Progressive for their own decisions, avoid payment of invoices, and seek damages from Progressive.

12. LifeWave now markets and sells a Theta Fuel Product *without* DMG.

13. Progressive also purchased raw materials specifically for use in manufacture of the Theta Products for LifeWave, which it could not ultimately use. Progressive seeks reimbursement of the raw material costs.

## IV.
## CONDITIONS PRECEDENT

14. All conditions precedent have been performed, have occurred, or have been waived.

## V.
## CAUSES OF ACTION

Progressive incorporates by reference Sections I-IV hereinabove.

**First Cause Of Action—Breach of Contract**

15. Progressive manufactured the Theta Products according to the specifications approved in writing by LifeWave. Progressive satisfied its obligations by manufacturing the Theta Products.

16. Progressive also worked with LifeWave to develop product formulas to LifeWave's specifications.

17. LifeWave materially breached its obligations by failing to pay Progressive for invoices for the Theta Products.

18. As a direct and proximate result of LifeWave's breaches of contract, Progressive has suffered damages and will continue to suffer damages.

**Second Cause of Action—Unjust Enrichment and Quantum Meruit**

19. Progressive will show that the services, including product development services and product testing services, and goods manufactured conferred a benefit on the LifeWave, and that LifeWave accepted the benefit of the services and goods. Thus, LifeWave would be unjustly enriched, if allowed to retain the benefit conferred without the payment for the reasonable value of the services provided and goods. Progressive also seeks to recover amounts it expended for purchase of raw materials specifically for the Theta Products which it was unable to use.

## VI.
## ATTORNEY'S FEES

20. Progressive affirms that it is entitled to recover reasonable attorney's fees from LifeWave. Progressive demanded payment of invoices and presented the claim, and LifeWave refused to pay.

WHEREFORE, Defendant and Counter-Plaintiff, requests the Court:

(1) dismiss with prejudice the Plaintiff's Original Complaint;

(2) award Defendant damages;

(3) award Defendant pre and post judgment interest at the legal rate and costs of suit;

(4) award Defendant its costs and attorneys' fees; and

(5) award Defendant all further, other, and additional relief the Court deems just and proper.

/s/ Ellen Cook Sacco
Kaiser ♦ Sacco, PLLC
Ellen Cook Sacco
Texas State Bar No. 24029491
ESacco@AttorneysForBusiness.com
Donald M. Kaiser, Jr.
Texas State Bar No. 24025466
DKaiser@AttorneysForBusiness.com
1431 Greenway Drive, Suite 615
Irving, TX 75038
Telephone: (214) 441-3000
Fax: (214) 441-3001

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Original Counterclaim was served via the Court's ECF system this 6th day of June, 2014, on Plaintiff's attorney of record.

/s/ Ellen Cook Sacco