UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIFEWAVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0274-B |
| | § | |
| PROGRESSIVE LABORATORIES, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Progressive Laboratories, Inc.'s Motion for Leave to Designate Responsible Third Parties (doc. 16), which was filed on May 8, 2014. Progressive seeks leave to designate Arizona Co-Packers Inc., Popular Ink Corporation, and Peek Packaging, Inc. as responsible third parties in this matter. For the reasons stated below, Defendant's Motion is **GRANTED**.

I.

BACKGROUND

On January 23, 2014, Plaintiff LifeWave, Inc. ("LifeWave") filed its Complaint (doc. 1) against Defendant Progressive Laboratories, Inc. ("Progressive") for: (1) breach of express and implied warranties (two counts); (2) breach of contract; (3) breach of express agreement; and (4) negligent misrepresentation. Compl. 9–15. On February 13, 2014, Progressive filed its Answer (doc. 6). On May 8, 2014, Progressive filed its Motion for Leave to File Counterclaim and Amended Answer (doc. 15), which the Court granted (doc. 19) on June 6, 2014. That same day Progressive filed its Counterclaim (doc. 20) and Amended Answer (doc. 21).

- 1 -

## II.

## ANALYSIS

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") may reduce his liability by a percentage of responsibility attributed to a responsible third party. Tex. Civ. Prac. & Rem. Code § 33.002. "This applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him." *Nels Cary, Inc. v. Day*, No. 3:07–CV–0832–D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008) (emphasis in original); Tex. Civ. Prac. & Rem. Code § 33.002; *see, e.g, In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App.—El Paso, orig. proceeding). In other words, Chapter 33 does not apply to breach of warranty claims under the Uniform Commercial Code. *JHC Ventures, L.P. v. Fast Trucking, Inc.*, 94 S.W.3d 762, 773 (Tex. App.—San Antonio, no pet.) ("[W]e refuse to extend [chapter 33] to UCC breach of warranty claims.").

To designate a person as a responsible third party, a defendant must first file a motion for leave. § 33.004(a). Once a defendant has moved for leave, a plaintiff may object "on or before the 15th day after the date the motion is served." § 33.004(f). Thereafter, the court

> shall grant leave to designate the person as a responsible third party unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

§ 33.004(g). "After adequate time for discovery, a party may move to strike the designation of a

responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." § 33.004(l).

Progressive filed its Motion for Leave on May 8, 2014. A copy of the Motion was served on LifeWave that same day via the Court's ECF System. Def's Mot. Cert. of Serv; L.R. 5.1(d). Nineteen days later, on May 27, 2014, LifeWave filed its Objection. This is beyond the fifteen day period for objections under Chapter 33. Accordingly, the Court must **GRANT** Progressive's Motion pursuant to section 33.004(f). *See* § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."); *see, e.g., Constante v. General Motors, LLC*, No. SA–12–CV–757–XR, 2013 WL 1729722, at *1 (W.D. Tex. April 22, 2013) ("Since no objections were filed within 15 days of the motion being filed and electronically served on Plaintiff's counsel, the Court must grant the motion pursuant to section 33.004(f)."); *Liberty Ins. Corp. v. Caterpillar, Inc.*, No. SA–13–CV–83–XR, 2013 WL 3166616, at *2 (W.D. Tex. June 20, 2013) (slip copy).

In light of Chapter 33's limited application to tort and DTPA claims, the only cause of action to which designation of responsible third parties applies in the present case is LifeWave's claim of negligent misrepresentation. *See* Compl. 9–15 (Counts I and II—breach of express and implied warranties; Count III—breach of contract; Count IV—breach of express agreement; Count V—negligent misrepresentation). Accordingly, the Court **GRANTS** Progressive **LEAVE** to designate Arizona Co-Packers Inc., Popular Ink Corporation, and Peek Packaging, Inc. as responsible third parties with respect to the claim of negligent misrepresentation in this matter.

**SO ORDERED.**

**SIGNED: June 11, 2014.**

- 3 -

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE